## STICKNEY, et al. v. FIRST NATIONAL INSURANCE COMPANY OF AMERICA, et al.

Case No. 81-5048 CA (L) 01 1

## FIRST NATIONAL INSURANCE COMPANY OF AMERICA v. DIMARIA, etc., et al.

Case No. 81-5426 CA (L) 01

Fifteenth Judicial Circuit, Palm Beach County

November 12, 1982

### APPEARANCES OF COUNSEL

**F. Neal Colvin, Jr.,** for plaintiff.

**Dennis J. Wall,** of **Rumberger, Kirk, Caldwell, et al.,** for defendant/petitioner.

**H. L. Cooper** and **Harry Klein,** for respondents.

### OPINION OF THE COURT

ROSEMARY BARKETT, Circuit Judge.

This cause having come on to be heard on Tuesday, November 9,

■■■■■■

1982, upon First National Insurance Company of America's Motion for Summary Judgment and Memorandum in Support Thereof, dated September 10, 1982, and the Court having heard argument of counsel and being otherwise fully advised in the premises, this Court hereby finds as material facts which exist without genuine dispute, as follows:

1. Sam Montaltos owned the Cadillac automobile which struck Raymond DiMaria on June 25, 1977.

2. Sam Montaltos and Reginald Johnson were each 50% owners of the stock of Gamma, Inc. of the Palm Beaches.

3. William Clarke was hired by Gamma, Inc. of the Palm Beaches to perform duties at Crane AMC/Jeep dealership in Miami, Florida, a bankrupt car dealership which had been purchased by said Gamma, Inc.

4. Clarke was coming up from Miami to Palm Beach County on the day of the accident, June 25, 1977, for a vacation or to visit his family.

5. Clarke, when he was coming up to visit his family, was asked by Montaltos to bring some items with him that Montaltos wanted to use for his own personal use at his (Montaltos') house.

6. Clarke used a truck from Crane AMC/Jeep dealership to bring the items up from Miami to Montaltos because they would not fit in his (Clarke's) car, and the truck broke down.

7. Clarke fixed the truck on the highway and, arriving at Montaltos' house and delivering the items to Montaltos which Montaltos wanted as aforesaid, requested and received Montaltos' permission to use Montaltos' Cadillac to visit his family.

8. Montaltos gave Clarke permission to use Montaltos' Cadillac and he, Montaltos, requested Clarke to take a letter to Dr. Reginald Johnson, which Clarke agreed to do, so that Clarke then was driving Montaltos' Cadillac to go visit his family and then thereby also to deliver a letter to Johnson from Montaltos.

9. The letter was written by Johnson's girlfriend or ex-girlfriend to Montaltos and did not concern Gamma, Inc.

10. Thereafter, Clarke having left Johnson's house to go visit his family, the accident described in paragraph 1 of these findings occurred while Clarke was operating Montaltos' Cadillac.

11. The truck which Clarke drove up from Miami was a tow truck and the items delivered to Montaltos were for Montaltos' personal use.

12. It was at Montaltos' request that Clarke took the letter to Johnson.

13. Moreover, the defendant-respondents' position with regard to First National Insurance Company of America's Motion for Summary Judgment dated September 10, 1982, and upon agreement of counsel in open Court for the DiMarias and for the estate of Dr. Reginald Johnson, is that the vehicle in question, being the Cadillac of Montaltos, does not come under the First National policy definition of a "covered auto".

14. The First National Insurance Company of America policy in question was filed under Notice of Filing dated January 26, 1982.

15. The definitions of "covered person" in said policy determine the coverage, if any, of the First National Insurance Company of America policy with regard to the accident in question, and no claim is made under paragraphs 2 ("Any person using your covered auto") or 3 ("Any person or organization, as to your covered auto, but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under 1 and 2 above") of the definition of "covered person" in Part A, Liability Coverage, of said policy.

16. There being no claim for coverage under said policy that the Cadillac was a "covered auto," and there being no claim for coverage under said policy under paragraphs 2 and 3 of the "covered person" definition in Part A, Liability Coverage of said policy, claim is made only, and counsel for the defendants-respondents so stated in open Court, that coverage would exist under paragraphs 1 and 4, if at all, of the "covered person" definition in said Part A, Liability Coverage, which respectively read in full as follows:

1. You or any family member with respect to the ownership, maintenance or use of any auto or trailer.

4. Any person or organization, as to any auto or trailer other than your covered auto, but only with respect to legal responsibility for acts or omissions of you or any family member for whom coverage is afforded under this Part. This provision applies only if the person or organization does not own or hire the auto or trailer.

17. Subsequent to the accident, the DiMarias (Raymond DiMaria, a minor by and through his next friends, Joseph and Judith DiMaria, who also sued individually) filed suit against Clarke, Montaltos, Johnson and Gamma, Inc., and Johnson's estate has been joined or substituted therein since Johnson's death, being Case No. 77-3730, now pending in this Circuit.

18. Since the filing of the Complaint and Petition for declaratory

relief, respectively, in this consolidated case consisting of Cases 81-5048 and 81-5426, there has been no motion at any time by any party to transfer this case to the underlying case referred to in the immediately preceding paragraph, or to consolidate this case with that one.

19. The Seventh Amended Complaint in the underlying case is attached to the Petition and it is also attached to the Complaint in this consolidated case.

WHEREFORE, the following facts having appeared without genuine dispute and it appearing from the pleadings, depositions, answers to interrogatories, requests for judicial notice and admissions on file, together with all other matters of record in this consolidated case, that there is no genuine issue as to any material fact, and the Court having viewed all such undisputed facts in the light most favorably to the nonmovants and having viewed all inferences reasonably to be drawn therefrom in the same light, it is accordingly and hereby

ORDERED AND ADJUDGED as follows:

1. First National Insurance Company of America's Motion for Summary Judgment is granted with regard to the duty to pay, it appearing to the Court that, after having heard argument of counsel and being otherwise fully advised in the premises, First National Insurance Company of America is entitled to a summary judgment as a matter of law in its favor on its duty to pay aspect of coverage under said policy with respect to the accident in question.

2. The Court enters summary juegment *sua sponte* in favor of the Estate of First National Insurance Company of America's deceased insured, Dr. Reginald Johnson, with regard to the duty to defend aspect of coverage under said policy, it appearing to the Court that the Estate of the insured is entitled to the entry of a summary judgment in its favor as a matter of law after having compared the allegations of the Seventh Amended Complaint in the underlying case with the provisions of said policy, and after having heard argument of counsel and being otherwise fully advised in the premises.

3. By previous Order entered on November 3, 1982, the Court granted the DiMarias' *ore tenus* motion for leave to file a counterclaim for declaratory relief only against First National Insurance Company of America in this consolidated case; that previous Order with regard to leave to the DiMarias to file such counterclaim is hereby rendered and adjudged moot.

4. As a necessary and determinative part of this Court's foregoing rulings recited in paragraphs 1 through 3 immediately above, this Court concludes and declares as follows:

94

A. There is no coverage under the First National policy under the definitions therein of "covered person" in Part A, Liability Coverage, and there is no claim of coverage whatsoever under the definition of "covered auto" in said policy, it having been conceded in open Court that no such claim of coverage is made.

B. Exclusion numbered 2, "for punitive or exemplary damages," applies to the accident in question.

C. Exclusions numbered 6 and 7 together apply to the accident in question, but only with regard to the duty to pay aspect of coverage under said First National applicable policy of insurance.

5. FINALLY, IT IS ADJUDGED, that the defendant First National Insurance Company of America in that part of this consolidated case having been brought against it as a defendant by the Estate of Johnson, 81-5048, shall go hence without day and that as to the entirety of this consolidated case, each party shall bear its own costs and fees in this Court.